**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff,**

        **v.**                    **CRIMINAL NO.** 12-229 (FAB)

ERNESTO MORALES-CASTRO,

    **Defendant.**

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Ernesto Morales-Castro's ("Morales") motion to dismiss the indictment for violation of the Speedy Trial Act. (Docket No. 85.) After reviewing defendant Morales' motion, the government's response, (Docket No. 87), and defendant Morales' reply, (Docket No. 89), the Court **DENIES** defendant Morales' motion.

**DISCUSSION**

**I.   Background**

The Court declines to rehash all of the facts. Background information or facts will be recounted as needed in the Court's subsequent legal analysis of particular issues. See United States v. Stierhoff, 549 F.3d 19, 21 (1st Cir. 2008).

On March 21, 2012, the Puerto Rico Police Department ("PRPD") executed a search warrant on defendant Morales' home at Jardines de Cupey Public Housing Project, Building #7, Apartment #77, located

in San Juan, Puerto Rico.  (Docket No. 1-1 at p. 1.)  A municipal
judge of the Puerto Rico Court of First Instance, San Juan
Division, issued a warrant to search defendant Morales' home on
March 13, 2012; the warrant was supported by a sworn statement from
Agent Carlos Concepcion-Ramos ("Agent Concepcion").  (Docket No. 77
at p. 1.)  During the search of defendant Morales' home, the PRPD
found a firearm and oxycodone pills.  (Docket No. 1-1 at p. 1.)
After the search, in the presence of federal Homeland Security
Investigations ("HSI") agents, defendant Morales signed a written
waiver of his right to remain silent and also gave authorities
consent to search his vehicle.  Id. at pp. 1-2.  After obtaining
consent, an agent discovered a hidden compartment in the vehicle
containing automatic weapons and ammunition.  Id. at p. 2.

Subsequently, defendant Morales was charged with possession
with intent to distribute a detectable amount of oxycodone in
violation of Title 21, United States Code, Section 841(a)(1);
possession of a firearm in furtherance of a drug trafficking crime
in violation of Title 18, United States Code, Section 924(c)(1)(A);
and possession of a machinegun in violation of Title 18, United
States Code, Sections 922(o) and 924(a)(2).  (Docket No. 8.)

On July 2, 2012, defendant Morales filed a motion to suppress
the evidence found during the search of his home pursuant to the
search warrant issued by the Commonwealth court.  (Docket No. 26.)
He also requested a hearing pursuant to Franks v. Delaware, 438

U.S. 154, 155-56 (1978).[1]    Defendant Morales argues that the warrant was based on Agent Concepcion's sworn statement, which contained "blatant omissions . . . and implausible allegations." Id. at p. 5.  In September 2012, the magistrate judge held a Franks hearing during several sessions.  (See Docket Nos. 59-64 & 68-70.)

On November 7, 2012, the magistrate judge issued a report and recommendation ("R&R"), recommending that defendant Morales' motion to suppress be denied.  (Docket No. 77 at p. 24.)  On November 21, 2012, defendant Morales filed his objections to the magistrate judge's R&R.  (Docket No. 78.)  On January 18, 2013, he filed a supplement to his objections.  (See Docket No. 80.)  On May 30, 2013, the Court issued an opinion and order regarding defendant Morales' motion to suppress; the Court adopted the magistrate judge's R&R and denied his motion.  (Docket No. 83.)

On June 3, 2013, defendant Morales filed a motion to dismiss the indictment alleging a violation of the Speedy Trial Act. (Docket No. 85.)  On June 7, 2013, the government filed its response. (Docket No. 87.)  Defendant Morales filed a reply on June 10, 2013.  (Docket No. 89.)  The Court finds defendant Morales' arguments regarding the Speedy Trial Act unavailing.

---

[1] Pursuant to Franks v. Delaware, 438 U.S. 154 (1978), a Franks hearing "is primarily a vehicle for challenging a warrant by impeaching the affiant."  United States v. Adams, 305 F.3d 30, 36 n. 1 (1st Cir. 2002).

## II.  Legal Standard under The Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. § 3161, provides that a defendant be tried "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1)(2006).  The right to a speedy trial is intended to "guard against inordinate delay between public charge and trial." Barker v. Wingo, 407 U.S. 514, 537 (1972) (White, J., concurring).  "The Act mandates the exclusion of certain dates, such as 'delay reasonably attributable to any period, not to exceed thirty days, during which proceeding concerning the defendant is actually under advisement by the court.'" United States v. Pakala, 568 F.3d 47, 57-58 (1st Cir. 2009) (citing 18 U.S.C. § 3161(h)(1)(J)[2]).  If the district court grants a motion to continue "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," then those days may be

---

[2] This language is now contained in 18 U.S.C. § 3161(h)(7)(H).

excluded as well.  Id. (citing § 3161(h)(8)(A)[3]).  The Speedy Trial Act delineates factors "a court 'shall consider' in considering an 'ends of justice' continuance, such as whether a failure to grant the continuance 'would unreasonably deny the defendant . . . continuity of counsel' or 'would deny counsel for the defendant . . . the reasonable time for effective preparation.'"  Id. (citing § 3161(h)(8)(B)(iv)[4]).

### III. Defendant's Arguments

Defendant Morales focuses on the time period between November 21, 2012, when he filed his first set of objections to the magistrate judge's R&R regarding his motion to suppress, (Docket No. 78), and May 30, 2013, when the Court issued its opinion on his motion to suppress, (Docket No. 85).  He argues that pursuant to

---

[3] This language is now contained in 18 U.S.C. § 3161(h)(7)(A):

> "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial . . . ."  18 U.S.C. § 3161(h)(7)(A).

[4] These factors are now listed in 18 U.S.C. § 3161(h)(7)(B)(iv).

18 U.S.C. § 3161(h)(1)(D) and (H),[5] only thirty excludable days exist during this time period.  (Docket No. 85 at p. 3, ¶ 18.) Defendant Morales fails to acknowledge, however, that in August 2012, the Court granted defendant Morales' motion for a continuance of the jury trial pursuant to 18 U.S.C. § 3161(h)(7)(A) on the grounds that "the ends of justice served by granting [defendant Morales'] request outweigh the best interest of the public and the defendant in a speedy trial."  (Docket Nos. 38 & 40.)  In its order, the Court referred to defendant Morales' motion for a continuance, (Docket No. 34), by indicating that it has tolled the Speedy Trial Act "in this case at defendant's request pending resolution of the motion to suppress," (Docket No. 40.) Furthermore, the Court then stated another factor pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) that "[t]he Speedy Trial Act will continue to be tolled until the trial date to allow Ms. George[,

_____

[5] In these sections, the Speedy Trial Act indicates that:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:(1)(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; . . . (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.   18 U.S.C. § 3161(h)(1).

defendant's new counsel,] to familiarize herself with the case."
(Docket No. 40.)

Defendant Morales advances several arguments as to why a
Speedy Trial Act violation exists.  The Court disagrees with his
arguments.

First, it is clear that the Court tolled the Speedy Trial Act
pursuant to 18 U.S.C. § 3161(h)(7) for the "ends of justice."  The
Court stated specifically that it was tolling the Speedy Trial Act
until the resolution of the pending motion to suppress; the Court
also indicated that it issued the order in response to defendant
Morales' request for a continuance to give him time to reach a plea
agreement with the United States.  (See Docket Nos. 34, 38 & 40.)
Second, it also stated that it was tolling the Speedy Trial Act
until the trial date to allow a new member of the defense team to
familiarize herself with the case.  (Docket No. 40.)  This factor
is clearly listed in § 3161(h)(7)(B)(iv) and the Speedy Trial Act
provides that the judge may issue a continuance for this kind of
factor, among other factors, on his own motion or at the request of
the defendant.  18 U.S.C. § 3161(h)(7).  "In constructing such a[n
ends-of-justice] finding, the district court need not recite a
formulaic incantation of the 'ends-of-justice' language, but it
must articulate clearly the reasons that support an ends-of-justice
continuance."  United States v. Valdivia, 680 F.3d 33, 40 (1st Cir.
2012).  Here, the Court did indicate the findings that justified

the grant of an "ends-of-justice" continuance because the Court stated two reasons for the continuance.[6]   Therefore, defendant Morales' argument in this regard must fail.

Defendant Morales states, however, that the Court set a trial date for November 5, 2012, but then entered an order on November 1, 2012, vacating that trial date.   (Docket No. 89 at p. 2.)   On November 1, 2012, the Court also maintained in its order that the "STA *remains* tolled pending disposition of the motion to suppress," indicating that the Speedy Trial Act is still tolled as a result of defendant's request for a continuance pursuant to 18 U.S.C. § 3161(h)(7).   (Docket No. 34.)   Defendant argues in a murky manner that this statement in the Court's order, (Docket No. 76), somehow tolls the Speedy Trial Act for the pending motion to suppress pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H) and not 18 U.S.C. § 3161(h)(7), but fails to provide much support for his argument, (Docket No. 85 at p. 4, ¶ 23.)   Furthermore, the Court vacated the trial date because the parties needed extra time to file English

_____

[6] Even if the Court did not clearly delineate on the record findings that justify the grant of an "ends-of-justice" continuance, the First Circuit Court of Appeals has held that judicial estoppel applies in a situation when a defendant argues that a Speedy Trial Act violation has occurred after the defendant requests a continuance pursuant to 18 U.S.C. § 3161(h)(7), which the district court then grants without making specific findings on the record that justify an ends-of-justice continuance.  Pakala, 568 at 60 (discussing how "it is not necessary for the court to articulate the basic facts when they are obvious and set forth in a motion for a continuance" when issuing an "ends-of-justice" continuance)(internal quotation marks and citation omitted).

translations of the exhibits admitted during the suppression hearing such that the magistrate judge could issue an R&R on defendant's motion to suppress. (Docket Nos. 75 & 76.) <u>See</u> 48 U.S.C. § 864 ("[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language.") As the First Circuit Court of Appeals has stated, "We have enforced the [English only] rule where the Spanish language document or matter is key to the outcome of the proceedings in the district court." <u>Puerto Ricans for Puerto Rico Party v. Dalmau</u>, 544 F.3d 58, 67 (1st Cir. 2008), and that "[t]he district court should not have considered any documents [sic] before it that were in the Spanish language." <u>Gonzalez-De Blassini v. Family Department</u>, 377 F.3d 81, 89 (1st Cir. 2004) (cited in <u>Dalmau</u>, <u>loc. cit.</u> The Court can think of no more important documents to consider in a hearing than the exhibits presented by the parties in evidence.

Defendant Morales has benefitted from his request for continuances and from the order that vacated the original trial date; he may not now claim that he is prejudiced by the Court's actions. <u>Pakala</u>, 568 F.3d at 60 (discussing how a defendant "would obtain an 'unfair advantage by benefitting from his [ends-of-justice] continuances and then later claiming that he was somehow prejudiced by the district court's actions"). Therefore, defendant

Morales' motion to dismiss the indictment for violation of the Speedy Trial Act is **DENIED**.

## CONCLUSION

Having considered defendant Morales' motion to dismiss the indictment for violation of the Speedy Trial Act, (Docket No. 85), the government's response, (Docket No. 87), and defendant Morales' reply to the government's response, (Docket No. 89), the Court **DENIES** defendant Morales' motion.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 18, 2013.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
United States District Judge